UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH FLEMING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV2276 CDP |
| | ) | |
| DEAN MINOR, | ) | |
| | ) | |
| Respondent. | ) | |

# **MEMORANDUM AND ORDER**

Joseph Fleming brings this petition for writ of habeas corpus under 28 U.S.C. § 2254. He argues that he was maliciously prosecuted and that his trial counsel was ineffective for failing to present all the evidence supporting his defense. The respondent has filed a motion to dismiss Fleming's § 2254 petition arguing that Fleming has not exhausted his state remedies. Because Fleming has failed to totally exhaust his state remedies, I will grant the motion to dismiss and enter an order dismissing this petition without prejudice.

Fleming was convicted by a jury in Missouri state court of one count of domestic assault in the first degree, one count of armed criminal action, and one count of domestic assault in the second degree. He was sentenced to a term of five years imprisonment on both domestic assault convictions, and three years imprisonment on the armed criminal action conviction, to run concurrently. After his conviction, Fleming brought a direct appeal challenging the sufficiency of the

evidence, challenging the admission of a police officer's testimony as inadmissible hearsay, and arguing that his constitutional right to a speedy trial had been violated. The Missouri Court of Appeals affirmed the conviction. *State v. Fleming*, 310 S.W.3d 236, 236 (Mo. Ct. App. 2010). Fleming did not seek review by the Missouri Supreme Court.[1] Fleming also filed a motion for post-conviction relief with the Circuit Court of St. Louis City, Missouri, Case No. 0922-CC01253, which was denied. On November 12, 2010, Fleming filed an appeal of the denial of his motion for post-conviction relief. That appeal is still pending before the Missouri Court of Appeals, Case No. ED95835, and the case is docketed for September 8, 2011.

A petitioner must exhaust his state law remedies before the federal court can grant relief on the merits of his claims in a habeas petition. *Ex parte Royall*, 117 U.S. 241 (1886) (codified at 28 U.S.C. § 2254(b)(1)). The petitioner bears the burden of showing that all available state remedies have been exhausted or that

---

[1] Under Missouri law, an appeal to the intermediate state appellate court sufficiently exhausts state remedies to permit federal habeas review under § 2254. *See* Missouri Supreme Court Rule 83.04 ("Transfer by this Court is an extraordinary remedy that is not part of the standard review process for purposes of federal habeas review."); *Randolph v. Kemna*, 276 F.3d 401, 404 (8th Cir. 2002) ("Rule 83.04 ... makes clear that Missouri does not consider a petitioner who bypasses its supreme court in favor of federal habeas review to have denied the State its rightful 'opportunity to resolve federal constitutional claims.'" (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999))).

*Taylor v. Roper*, 561 F.3d 859, n. 2 (8th Cir. 2009).

failure to met the procedural requisites of exhaustion should be excused because of extraordinary circumstances. *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *see also Smittie v. Lockhart*, 843 F.2d 295, 296 (8th Cir.1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. *Smittie*, 843 F.2d at 296. Before reviewing any claims raised in a habeas petition, a court may require that every ground advanced by the petitioner survive the exhaustion analysis. *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

Under Missouri law, "[a] person convicted of a felony after trial claiming that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, *including claims of ineffective assistance of trial and appellate counsel* . . . may seek relief in the sentencing court pursuant to the provisions of this Rule 29.15." Mo. Sup. Ct. R. 29.15 (emphasis added). Here, I am unable to determine whether Fleming actually presented his claim of ineffective assistance of counsel to the sentencing court in his motion for post-conviction relief because the respondent has not submitted a

single document to support its motion to dismiss.[2]  But, Fleming did have the right to present this claim in his Rule 29.15 motion even after no error was found in his direct appeal.  *See Deck v. State*, 68 S.W.3d 418, 426 (Mo. 2002) (holding that a finding of no plain error on direct appeal does not necessarily equate to a finding of no prejudice under the second prong of the *Strickland* test for ineffective assistance of counsel).  Because his motion for post-conviction relief is still pending before the Missouri Court of Appeals, that court must be given the opportunity to resolve any issues that could be resolved on such a motion, and Fleming cannot establish that he has lost the right to bring his claim of ineffective assistance of counsel at this point.  As such, Fleming has failed to exhaust his state remedies, at least with respect to his ineffective assistance of counsel claim.

Again, I may require that every ground advanced survive the exhaustion analysis, and Fleming has the burden of demonstrating that he has met the procedural requisites of exhaustion or that extraordinary circumstances excuse his failure to do so.  Fleming's § 2254 petition does not demonstrate either, and he has not responded to the motion to dismiss.

Upon finding that state court remedies have not been exhausted, I must avoid any discussion of the merits of the claim.  *Slayton v. Smith*, 404 U.S. 53, 54

---

[2] ". . . If the motion requires consideration of facts not appearing in the record, the party also shall file all documentary evidence relied upon." Local Rules for the United States District Court for the Eastern District of Missouri, Local Rule 7-4.01(A).

(1971). Further, I cannot order a stay pending resolution of the state court proceedings absent truly exceptional circumstances. *Rhines*, 544 U.S. at 276-77; *Slayton*, 404 U.S. at 54; *Carmichael*, 163 F.3d at 1045. No such circumstances exist here, so I must dismiss Fleming's § 2254 petition.

Accordingly,

**IT IS HEREBY ORDERED** that respondent's motion to dismiss [#10] is granted, and petitioner's claims against the respondent are dismissed without prejudice for failure to exhaust state remedies.

A separate order of dismissal is entered this same date.

                                                         CATHERINE D. PERRY
                                                         UNITED STATES DISTRICT JUDGE

Dated this 26th day of July, 2011.